# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WAYNE ROBERTSON,<br><br>Petitioner,<br><br>v.<br><br>MARIPOSA COUNTY COURT,<br><br>Respondent. | **Case No. 1:13-cv-01775-SMS (HC)**<br><br>**ORDER STRIKING PETITIONER'S *EX PARTE* COMMUNICATION WITH THE COURT**<br><br>(Doc. 5) |

On November 1, 2013, Petitioner Roger Wayne Robertson, proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus. Doc. 1. On November 5, 2013, before this Court had completed its screening of the original petition, Petitioner filed a first amended petition for writ of habeas corpus. Doc. 4. On November 8, 2013, before the Court had completed its screening of the first amended petition, Petitioner filed a letter to the Court arguing his case and setting forth allegations against the Mariposa County Court. Doc. 5. The Court now strikes Petitioner's *ex parte* correspondence (Doc. 5).

*Ex parte* communication is one-sided communication with the Court for the sole benefit of the party sending the communication, and without notice to opposing parties. *Black's Law Dictionary* at 616 (8th ed. 2004). A party must serve all opposing parties with any documents or communication filed with the Court. F.R.Civ.P. 5(a); Loc. Rule 135(d). Arguing one's case in an

*ex parte* letter to the Court is inappropriate, and if conducted following warnings by the Court, may result in sanctions against the letter's author. *See, e.g., LaFreniere v. Prada U.S.A. Corp.*, 2013 WL 3187412 at *1 (N.D. Cal. June 21, 2013) (No. C-12-3701-EDL).

Petitioner's submission of his arguments is also premature. The Court understands that Petitioner is eager to place his contentions before the Court and reminds him that he will have appropriate opportunities to argue his case as it progresses. During the screening process, the Court only considers those allegations made in the habeas corpus petition and assumes the facts alleged in the petition to be true. Because submission of untimely and inappropriate matter requires the Court to redirect its resources from the screening process, improper communication with the Court unnecessarily delays the screening process.

The only matter now before the Court is the screening of the first amended petition. Rule 4 of the Rules Governing § 2254 Cases in the United States District Court (the "Habeas Rules") requires the Court to conduct a preliminary review of each petition for a writ of habeas corpus filed with the Court. The Court will issue its screening order when its review is complete.

The Court hereby STRIKES Petitioner's letter to the Court (Doc. 5).

IT IS SO ORDERED.

Dated:   **November 13, 2013**          **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE