# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER W. ROBERTSON,<br><br>Petitioner,<br><br>v.<br><br>MARIPOSA COUNTY COURT,<br><br>Respondent. | Case No. 1:13-CV-01775-SMS  HC<br><br>ORDER DISMISSING PETITION AND GRANTING PETITIONER LEAVE TO AMEND THE PETITION AND NAME A PROPER RESPONDENT<br><br>(Doc. 4) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He first filed a petition on November 1, 2013, and then filed an amended petition on November 5, 2013.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

In this case, Petitioner names the Mariposa County Court as Respondent.  Petitioner is incarcerated at Mule Creek State Prison, which is located in Ione, California.  The warden of Mule Creek State Prison is Joe A. Lizarraga.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  The chief officer in charge of California state penal institutions would also be an appropriate respondent.  *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  If the petitioner is on probation or parole, the proper respondent is his probation or parole officer or the official in charge of the parole or probation agency or state correctional agency.  *Id.*  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Authority*, 423 F.2d 1326, 1326 (9th Cir.), *cert. denied*, 398 U.S. 914 (1970).

In addition, the petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign if for the petition under 28 U.S.C. § 2242."  Rule 2(c)(5) of the Rules Governing 2254 Cases.  Because the first amended petition is unsigned, after he has amended the name of the respondent, Plaintiff is directed to sign the second amended petition.

Finally, the Court notes that Petitioner has failed to fully complete the first amended petition.  Although the Court will conduct its preliminary review of the petition's contents upon receipt of the second amended petition, Plaintiff is directed to fully complete that petition to include all grounds for relief and facts supporting each such ground.  The Court will not refer to prior petitions if any necessary claims or facts are omitted from the second amended petition.

///

///

///

**CONCLUSION AND ORDER**

Accordingly, the Court hereby ORDERS:

1. The first amended petition for writ of habeas corpus shall be dismissed with leave to amend for lack of jurisdiction.

2. The Clerk's Office shall send Petitioner a copy of this order and a form for Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within thirty (30) days of service of this order, Plaintiff shall file a second amended petition naming a proper respondent. Plaintiff shall fully complete the form for the second amended petition, including all claims and the facts supporting each claim. Plaintiff shall sign the second amended petition under penalty of perjury.

4. If Plaintiff fails to file a second amended petition within thirty (30) days from the date of service of this order, this action will be dismissed without further notice for lack of jurisdiction.

IT IS SO ORDERED.

DATED: 12/12/2013                              /s/ SANDRA M. SNYDER
                                               UNITED STATES MAGISTRATE JUDGE