# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER W. ROBERTSON,<br><br>    Petitioner,<br><br>  v.<br><br>MARIPOSA COUNTY COURT,<br><br>    Respondent. | Case No. 1:13-CV-01775-SMS  HC<br><br>SECOND ORDER GRANTING PETITIONER LEAVE TO AMEND THE PETITION<br><br>(Docs. 12 and 16) |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He first filed a petition on November 1, 2013, filed an amended petition on November 5, 2013, and following this Court's first screening order, filed a second amended petition on December 26, 2013.  The second amended petition presents the same jurisdictional and procedural problems as the first amended petition.  Accordingly, the Court has again screened the petition, both to comply with statutory requirements and to assist Petitioner in preparing a legally cognizable petition that may proceed in this Court.  In preparing his third amended petition, Petitioner should pay careful attention to this order.  **If these deficiencies are not corrected in the third amended petition, the Court will not give Petitioner an additional opportunity to file a corrected petition.**

///

## I.  Preliminary Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.  Naming Proper Defendant

Petitioner names the Mariposa County Court and his former attorney, John Garcia, as Respondents.  Petitioner is incarcerated at Mule Creek State Prison, which is located in Ione, California.  The warden of Mule Creek State Prison is Joe A. Lizarraga.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  The chief officer in charge of California state penal institutions would also be an appropriate respondent.  *Ortiz-Sandoval*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  **If Petitioner fails to name a proper respondent, the Court must dismiss his habeas petition for lack of jurisdiction.**  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Authority*, 423 F.2d 1326, 1326 (9th Cir.), *cert. denied*, 398 U.S. 914 (1970).  This means that the petition must name Joe A. Lizarraga, the warden of Mule Creek State Prison as the respondent, not the Mariposa County Court or Mr. Garcia.

Naming Warden Lizarraga as respondent does not require Petitioner to allege any wrongdoing against him.  Because a petition for habeas corpus is intended to challenge the

///

2

lawfulness of the petitioner's imprisonment, the respondent must be the individual having custody of the petitioner, typically, the warden of the correctional institution in which the petitioner is confined.

### III.     Signature Under Penalty of Perjury

The petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign if for the petition under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing 2254 Cases.  Although the first amended petition was unsigned, Petitioner correctly signed the second amended petition.  Petitioner is reminded to also sign the third amended petition.

### IV.     Exhaustion and Timeliness

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine acknowledges the comity of the state courts and gives the state the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

The petitioner must have specifically told the state courts that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). In *Duncan*, the Supreme Court reiterated the rule:

///

3

> In *Picard v. Connor*, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' civil rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan*, 513 U.S. at 365-66.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to the court that those claims were based on federal law*. *See Shumway v. Payne*, 233 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in *Duncan*, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (*citing Anderson v. Harless*, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999); *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996). . . .
>
> In *Johnson*, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

*Lyons*, 232 F.3d 6at668-69 (*emphasis added*).

The third amended petition fails to fully allege Petitioner's exhaustion of his remedies in California Court. The petition recites that Petitioner filed a direct appeal to the Court of Appeal, that a result issued June 10, 2011, but that the result was "open." Doc. 12 at 2, ¶ 9. The petition then twice states that Petitioner then appealed to the California Supreme Court, which result is open. Doc. 12 at 2, ¶ 9. The petition does not disclose that Petitioner filed a habeas petition in state court.

As presently alleged, Petitioner does not appear to have exhausted his claims before the state courts. If the information alleged in the petition is inaccurate or incomplete, Petitioner

4

should correct any errors or omissions in the third amended petition.  If Plaintiff has copies of the judgment of conviction and the final judgments in any of his appeals to the higher state courts, he may wish to attach copies of those judgments as exhibits to the petition in addition to fully completing paragraphs 9 through 11 of the petition.

Since the information regarding state proceedings is incomplete, the Court cannot determine whether the petition is timely.  A petitioner may file a federal petition for habeas corpus no later than one year from the date on which his conviction became final, that is, the date of decision on which the judgment became final by the conclusion of direct review in the state courts.  *See* 28 U.S.C. § 2244(d)(1).  If Petitioner's state appeal(s) are still pending, however, his petition may be premature.

**IV.     Clarity of Claims**

The Court understands that Petitioner has strong feelings regarding his innocence and his conclusion that certain errors occurred at his trial.  But the Court cannot make Petitioner's claims for him.  The Court encourages Petitioner to omit statements exhorting the Court to adopt his position, and instead, to simply and clearly set forth each error that he claims occurred at his trial, and then to briefly but completely set forth the factual basis supporting each claimed error.

Because the Court is not familiar with Petitioner's trial and conviction, Petitioner should not assume the Court is familiar with the relevant facts.  At this stage of the litigation, the Court does not have access to any records of his trial or his state appeals unless Petitioner provides them.  Petitioner should clearly explain his claims and reasons without referring the Court to transcripts or exhibits of his state case unless he is able to attach to the petition as an exhibit the material to which he refers.  If Petitioner decides to attach exhibits, he should clearly number them, fully identify the source of each exhibit, and clearly refer in the text of the petition to each exhibit and explain why it is important to a particular claim.

///

The Court understands the petition to be claiming the following trial errors: (1) jury misconduct; (2) witness perjury; and (3) prejudicial use of Petitioner's earlier, expunged conviction. The petition also reports that Petitioner is unable to locate his trial attorney. Whether Petitioner intends to claim ineffective assistance of trial counsel or some specific misconduct at trial is not clear from the petition. If Petitioner intended to allege additional or other claims, the third amended petition must clearly allege each such claim and its basis.

The petition repeatedly refers to a mistrial having occurred. A mistrial occurs either (1) when the trial judge brings a case to an end without a determination on the merits because of a procedural error or serious misconduct during the proceedings, or (2) when the jury cannot agree on a verdict, causing the trial to end inconclusively. *Black's Law Dictionary* at 1023 (8th ed. 2004). Since Petitioner was obviously convicted and sentenced to prison, a mistrial could not have occurred in this case. If Petitioner means that a mistrial should have occurred due to procedural error or serious misconduct, he should simply set forth each procedural error or instance of serious misconduct as a claim.

Appended to the second amended petition is a portion of a brief prepared by an attorney named John F. Schuck. Its source and its relevance to the petition are not clear.

Also appended are several detailed items relating to Petitioner's efforts to contact various individuals and entities. These efforts do not appear to be relevant to Petitioner's claims. The third amended petition should either omit these exhibits or more clearly set forth their relevance to one or more claims.

## V.     Request for Clarification

In light of the issuance of this screening order, Petitioner's motion for clarification (Doc. 16), erroneously recorded as a motion for appointment of counsel, is moot.

///

///

## CONCLUSION AND ORDER

Accordingly, the Court hereby ORDERS:

1. The second amended petition for writ of habeas corpus shall be dismissed with leave to amend.

2. The Clerk's Office shall send Petitioner a copy of this order and a form for Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within thirty (30) days of service of this order, Plaintiff shall file a third amended petition naming a proper respondent.  Plaintiff shall fully complete the form for the second amended petition, identifying each state actions, its outcome, and the date of the final decision, if any, and including all claims and the facts supporting each claim.  Plaintiff shall sign the second amended petition under penalty of perjury.

4. If Plaintiff fails to file a second amended petition within thirty (30) days from the date of service of this order, this action will be dismissed without further notice for lack of jurisdiction.

5. Plaintiff's motion for clarification (Doc. 16), erroneously recorded as a motion for appointment of counsel, is moot.

IT IS SO ORDERED.

Dated:   **January 30, 2014**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE